LOFTIS WOOD *vs.* THE CITY OF WILLIAMSBURGH and FRANCIS SWIFT.

Where land is not in the actual possession of the owner, but is occupied by tenants or lessees, at the time of the commission of trespasses thereon, the owner can only recover for such trespasses as are injurious to the inheritance. Where one claims land as having been conveyed to him by implication, as being a part of a street adjoining the premises described in his deed, he can not also insist that the land is not subject to a servitude as such street. It is only by assuming that it is a street, that he acquires any title to the land therein. And being part of a street, his title is subject to the easement over it.

ACTION to recover damages for an injury to property of the plaintiff adjoining South Third street, between First street and the East river, in the city of Williamsburgh, and also for an injury to premises forming the north half of the street, by the defendant Swift (acting under a contract with the city to grade and pave South Third street.) The injuries were caused by throwing earth upon the land in the street, at the river, and filling in the slip at the foot thereof. The defendant claimed that the plaintiff had no interest in the land within the lines of South Third street, except subject to the easment over it as a public street. That John Miller, through whom the plaintiff derived title, had filed a map as a public record, showing South Third street running through his premises to the river, and had conveyed lots on that street

between Third and Fourth streets, and upon Fourth street between South Third and South Fourth streets—distant between three and four blocks from the premises in question—with reference to the map, and had thereby dedicated the land shown as a street, as and for a public street. That the proceedings which had been taken by the city to open and grade the street were legal; and that for consequential injury to adjoining property, by work done under these proceedings, the plaintiff could not recover.

Philip Hamilton, referee, having reported, awarding damages against the defendant Swift for the injury done by grading the land in the street to adjoining property, deciding that the proceedings to open, grade, &c. were irregular for want of a proper petition, and that there was no authority to do work thereunder; also reported against the claim of the plaintiff for damage to the premises in the lines of South Third street as laid down upon the village map and map made by Miller, on the ground that the same had been dedicated to public use as a street by the making and filing of the map and the conveyances referred to; and against his claim for injury to adjoining premises not affecting the inheritance, but only the interests of tenants of the premises. The plaintiff, and the defendant Swift, appealed to the general term, from the judgment entered on the report.

*P. J. Fish,* for the plaintiff.

*John G. Schumaker,* corporation counsel of Brooklyn (consolidated with Williamsburgh,) for city of Williamsburgh.

*By the Court,* SCRUGHAM, J. The lands described in the complaint were not in the actual possession of the plaintiff, but of his tenants, at the time of the commission of the acts of which he complains; therefore he can only recover for such trespasses as were injuries to the inheritance; and of course this right depends upon his being seised of an estate in

reversion in the land upon which the trespasses were committed.

John Miller, at the time of his death, owned all of the land described in the complaint, and dying intestate, in 1848, it descended to his heirs at law, who, in 1850, executed to the plaintiff a deed, the boundaries in which include only so much of said land as lies northerly of the north side of South Third street; and unless at that time there was a street or road on the south side of the land described in the deed, the heirs of John Miller remained the owners of all the land described in the complaint which was not included in the boundaries given in their deed to the plaintiff; and, for aught that appears, were such owners at the time of the alleged wrongful acts, and at the commencement of this action. Thus the plaintiff would have no right to claim for damages to that land. It is only by assuming that at the time of the conveyance to the plaintiff the land lying south of and adjoining that described in his deed was a street, that the plaintiff can claim title to it, and we have no proof of his ownership of this strip of land, except such as is afforded by the evidence of its dedication by John Miller.

This does not show that it was laid out by him as a private street, for the benefit of himself and those to whom he might grant lands upon it; but that it was recognized by him as part of one of the public streets of the village of Williamsburgh. Being part of a street, the plaintiff's title was subject to the easement over it, and the referee was right in awarding only nominal damages " for the filling in of the slip."

The judgment should be affirmed.

[KINGS GENERAL TERM, December 12, 1864. *Scrugham, Lott, Brown* and *J. F. Barnard,* Justices.]